IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

Plaintiff:   Ashley Tena

v.

Defendant: Samuel Legarda Mendoza, Sr.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff, by and through her attorney, for her Complaint against Defendant, alleges the following:

**DIVERSITY JURISDICTION & VENUE**

1. The jurisdiction of this Court is invoked pursuant to 22 U.S.C. § 1332 (Diversity of Citizenship) and 28 U.S.C. §1367 (Supplemental Jurisdiction). Plaintiff's claims are based on violation of Colorado tort law, and they exceed the sum of $75,000.00.

2. This proceeding is initiated in this United States District Court pursuant to 28 U.S.C. §1332 based upon the diversity of citizenship between the parties.

3. Plaintiff is a resident and domiciliary of the State of Colorado.

4. Upon information and belief, Defendant is a resident and domiciliary of the State of Wyoming. In addition, Plaintiff's personal injuries and damages resulted from Defendant's extremely careless, reckless, willful and wanton, or grossly negligent driving in the State of Colorado. Thus, venue is proper in this Court.

1

**GENERAL ALLEGATIONS**

5. This tort action arises from a vehicular crash that occurred on November 09, 2013, on US Highway 85 at the intersection of Colorado State Highway 14, in Weld County, Colorado. Defendant recklessly or grossly negligently operated his vehicle by failing to keep a proper lookout and by attempting to drive through a red light at a high rate of speed, thereby violently colliding with Plaintiff's vehicle, causing extreme damage to the entire front section thereof.

6. Defendant was grossly negligent, reckless, or extremely careless in then and there operating his vehicle and in violently crashing it into the vehicle occupied by Plaintiff.

7. Defendant's acts or omissions have directly and proximately caused the Plaintiff to suffer or incur, or to be reasonably expected to suffer or incur: (a) serious, permanent, and disabling injuries and incapacities; (b) various and sundry healthcare services and procedures; (c) substantial healthcare costs and expenses; (d) earning capacity or labor market access losses; (e) other non-economic damages and losses, including physical impairment, disfigurement, discomfort, pain, suffering, inconvenience, and severe emotional distress, upset, or anguish; (f) loss or impairment of enjoyment of life; and (g) impairment of credit, credit rating, or creditworthiness, in amounts to be determined.

### FIRST CLAIM FOR RELIEF

8. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-7 of Plaintiff's Complaint as though the same were fully set forth herein.

9. At all times relevant, the Defendant driver owed a duty to the motoring public, including Plaintiff, to then and there operate his vehicle in a lawful manner with due care, a proper

lookout, and observance of stoplights in order to avoid crashing into other vehicles, including that of the Plaintiff.

10. At all times relevant, Defendant materially, substantially, and egregiously breached that duty of care by crashing his vehicle into Plaintiff's vehicle, causing Plaintiff's foregoing injuries, damages, and losses.

## SECOND CLAIM FOR RELIEF
*Negligence per se*

11. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-10 of Plaintiff's Complaint as though the same were fully set forth herein.

12. That vehicular accident and Plaintiff's serious bodily injuries, physical impairment, disfigurement, pain and suffering, mental and emotional anguish, upset or distress, economic losses, including loss of earning capacity or of access to the labor market and other damages directly and proximately resulting therefrom were and are directly and proximately caused by the gross negligence, extreme carelessness, recklessness, other acts or omissions, and negligence *per se* of the Defendant. Such negligence *per se* includes violations of C.R.S.§§42-4-603, 1401, and 1402, and the corresponding sections of the Town of Ault's Traffic Code then in effect.

WHEREFORE, Plaintiff prays for the entry of such judgment against Defendant and for costs, expert witness fees, interest, and any other applicable relief authorized or permitted by law.

## JURY DEMAND
**PLAINTIFF HEREBY DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

DATED this 21st day of April 2017.

Respectfully submitted,

By <u>/s Richard K. Blundell</u>
Richard K. Blundell, Reg. No. 10358
ATTORNEY FOR PLAINTIFF

<u>Plaintiff's Address:</u>
255 East B Street
Ault, CO 80610

5